# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | CASE NUMBER:   8:04-cr-319-T-23TBM |
| | USM NUMBER:    42175-018 |
| vs. | |
| RACHEL GRANT | |
| | Defendant's Attorney:  Jerry Theophilopoulos, cja |

THE DEFENDANT:

__X__ pleaded guilty to count ONE of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(B)(vii) | Conspiracy to Possess With Intent to Distribute Marijuana | June 26, 2004 | ONE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ Counts TWO and THREE are dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: July 11, 2005

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: July 13th, 2005

Defendant: RACHEL GRANT  Judgment - Page 2 of 6
Case No.: 8:04-cr-319-T-23TBM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FORTY-ONE (41) MONTHS** as to count one of the Indictment.

__X__ The court makes the following recommendations to the Bureau of Prisons: (1) that the defendant be placed in FCI Coleman, Florida, or as near to FCI Coleman as possible, and (2) that the defendant be allowed to participate in the 500-Hour Comprehensive Drug Treatment Program while incarcerated.

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

United States Marshal

By: _____
Deputy Marshal

| | | |
|---|---|---|
| Defendant: | RACHEL GRANT | Judgment - Page 3 of 6 |
| Case No.: | 8:04-cr-319-T-23TBM | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-SIX (36) MONTHS** as to count one of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__  The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3C - Supervised Release

| | | |
|---|---|---|
| Defendant: | RACHEL GRANT | Judgment - Page 4 of 6 |
| Case No.: | 8:04-cr-319-T-23TBM | |

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**X**   The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

**X**   The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

| Defendant: | RACHEL GRANT | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:04-cr-319-T-23TBM | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | $ WAIVED | $ |

\_ The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

\_ Restitution amount ordered pursuant to plea agreement $ _____.

\_ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

\_ the interest requirement is waived for the \_\_\_ fine \_\_\_ restitution.

\_ the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 12/03) Sheet 6 - Schedule of Payments

| | | |
|---|---|---|
| Defendant: | RACHEL GRANT | Judgment - Page _6_ of _6_ |
| Case No.: | 8:04-cr-319-T-23TBM | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __100.00__ due immediately, balance due

   ___ not later than _____, or

   ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached "Final Order of Forfeiture for Money Judgment," dated March 7, 2005, (Doc. 59) and "Amended Preliminary Order of Forfeiture," dated May 30, 2005, (Doc. 84).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 8:04-cr-00319-SDM-TBM   Document 59   Filed 03/07/2005   Page 1 of 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Case No. 8:04-cr-319-T-23TBM

RACHEL GRANT,

    Defendant.

### FINAL ORDER OF FORFEITURE FOR MONEY JUDGMENT

THIS CAUSE comes before the court upon the filing of a Motion by the United States of America for a Final Order of Forfeiture for a money judgment. For good cause shown, said Motion should be and is hereby GRANTED.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that a money judgment in the amount of $2,777,778.00 in United States currency, which represents the amount that the defendant derived in proceeds from her criminal activity, is hereby forfeited to the United States of America, pursuant to 21 U.S.C. § 853.

DONE and ORDERED in Chambers, in Tampa, Florida this ___7A___ day of ___March___, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to:
Adelaide G. Few, AUSA
All Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,

v.             Case No. 8:04-cr-319-T-23TBM

GEORGE MCCANN, and
RACHEL GRANT,

 Defendants.

## AMENDED PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the court upon the filing of the Motion of the United States of America for entry of an Amended Preliminary Order of Forfeiture to correct clerical error. For good cause shown, the Motion of the United States is GRANTED. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that pursuant to the provisions of 21 U.S.C. § 853, all right, title and interest of defendants George McCann and Rachel Grant in the following property is hereby forfeited to the United States for disposition according to law:

 1) Real property located at 12380 Sanders Avenue, Brooksville, Florida, together with a 1998 double-wide Celebrity mobile home, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

  A parcel of land in the Southeast 1/4 of Section 17, Township 21 South, Range 18 East, Hernando County, Florida, being more particularly described as follows:

  Commence at the Northeast corner of the Southeast 1/4 of said Section 17, and run thence S 01° 31' 04" E, along the East

    boundary of the said Southeast 1/4, a distance of 843.13 feet to the POINT OF BEGINNING; thence continue S 01°31'04" E, along the said East boundary, a distance of 882.31 feet; thence run N 89° 08'53" W, a distance of 559.37 feet; thence run N 01°20'19" W, a distance of 882.20 feet; thence run S 89°08'53" E, a distance of 556.61 feet to the POINT OF BEGINNING.

    Parcel ID: R17 421 18 0000 0030 0060 (01308203);

2)  $14,089.00 in United States currency seized at 12380 Sanders Avenue, Brooksville, Florida, $329.00 of which was seized from Rachel Grant;

3)  One 2001 Mercury Mountaineer, VIN #4M2ZU66P31UJ00858;

4)  One 2001 White Ford Truck, VIN #3FTSX31F71MA87872;

5)  One 2002 ATV Sundiro Sunray, VIN #LALAA8SC12H005318;

6)  Charles Schwab brokerage account #6142-0664, held in the name of George Frederick McCann;

7)  SunTrust Premium bank account #0111100067393, held in the name of George Frederick McCann; and

8)  One projection TV and all attachments, model #61SDX01B.

Upon adjudication of all third-party interests, this court will enter a Final Order of Forfeiture, pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Rule 32.2(c),

Federal Rules of Criminal Procedure, which will address the interests of all parties and will vest clear title to the forfeited property in the United States.

DONE and ORDERED in Chambers in Tampa, Florida, this ___30th___ day of ___May___, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to:

Adelaide G. Few, AUSA
All Counsel of Record